UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------X

JAMES McMILLAN,                           :       12 Civ. 302 (JG) (VVP)

             Plaintiff,                   :       Pro Se

-against-                                 :

NEW YORK STATE BOARD OF ELECTIONS, :

             Defendant.                   :

-------------------------------------X


**NEW YORK STATE BOARD OF ELECTIONS REPLY MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO DISMISS COMPLAINT**


                              ERIC T. SCHNEIDERMAN
                              Attorney General of the
                               State of New York
                              **Attorney for Defendant**
                              120 Broadway – 24th Floor
                              New York, NY 10271-0332
                              (212) 416-8645
                              FAX (212) 416-6009
                              Joel.Graber@ag.ny.gov


LITIGATION BUREAU:

JOEL GRABER
Special Litigation Counsel
  of Counsel

May 25, 2012

**TABLE OF CONTENTS**

                                                           **Page**

Preliminary Statement .................................   1

Argument

McMILLAN'S OPPOSITION FAILS TO REFUTE
THE STATE BOARD'S COMPLETE DEFENSES TO THIS ACTION ....   2

Conclusion .........................................   9

Appendix

     Sample Ballot Employed On November 2, 2010

        *cited at p.* 7

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------X

JAMES McMILLAN,                        :      12 Civ. 302 (JG) (VVP)

       Plaintiff,              :      *Pro Se*

-against-                              :

NEW YORK STATE BOARD OF                :
ELECTIONS,
                                       :

       Defendant.              :

------------------------------X

**NEW YORK STATE BOARD OF ELECTIONS REPLY MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO DISMISS COMPLAINT**

**Preliminary Statement**

This memorandum of law is respectfully submitted by

ERIC T. SCHNEIDERMAN, Attorney General of the State of New

York, attorney for defendant New York State Board of

Elections (the "State Board"), an agency of the Executive

Department of the State of New York, in support of the

State Board's motion for a judgment and order, pursuant to

Rule 12(b)(6) of the Federal Rules of Civil Procedure,

dismissing the complaint in this action on the ground that

this action is barred by the Eleventh Amendment, and for

failure to state a cause of action, and in reply to the

opposition filed by plaintiff James McMillan ("McMillan")

on May 9, 2012, with exhibits ("Pl. Mem.") (Doc. # 21 in this Court's docket).

### Argument

### McMILLAN'S OPPOSITION FAILS TO REFUTE THE STATE BOARD'S COMPLETE DEFENSES TO THIS ACTION

McMillan's opposition to the State Board's motion to dismiss the complaint does not address any of the defenses demonstrated in the State Board's opening memorandum of law, filed on April 23, 2012 (Doc. # 20) ("State Apr. 23 Mem.").

That memorandum of law established several principal reasons why the State Board's motion should be granted in its entirety, and that the complaint should be dismissed.

This Court has already held, and the Second Circuit has affirmed, in a related case brought by McMillan, that the State Board is an agency of the Executive Department of the State of New York, pursuant to N.Y. Election Law § 3-100(a), entitled to Eleventh Amendment immunity. McMillan v. New York State Bd. of Elections, 2010 WL 4065434, *3 (E.D.N.Y. Oct. 15, 2010) (Gleeson, D.J.), aff'd, 449 Fed.Appx. 79, 2011 WL 6061356, *1 (2d Cir. Dec. 7, 2011) (Summary Order) ("The district court correctly dismissed

- 2 -

McMillan's claims against the State Board as barred by the Eleventh Amendment.").[1] See State Apr. 23 Mem. POINT I.[2]

In addition, as demonstrated in the State Board's opening memorandum of law, the complaint requires dismissal for failing to state a cause of action. The complaint seeks an injunction requiring the State Board to recount all ballots from the 2010 gubernatorial election in which McMillan, representing the "Rent Is Two Damn High" party, was a candidate.[3] McMillan's initial filings in this action were deemed to constitute a preliminary injunction motion, which this Court denied. McMillan v. New York State Bd. of Elections, 2012 WL 909934 (E.D.N.Y. Mar. 16, 2012) (Gleeson, D.J.).[4]

As this Court held, McMillan "failed to demonstrate the requisite impending irreparable harm, a likelihood of

---

[1]     The two decisions referred to are appended to the State Board's opening memorandum of law.

[2]     Furthermore, this Court has held that "it is well-settled that a State and its instrumentalities are not 'persons' subject to suit under § 1983." Ding v. Bendo, 2006 WL 752824, *4 n. 2 (E.D.N.Y. Mar. 23, 2006) (Gleeson, D.J.) (citing Spencer v. Doe, 139 F.3d 107, 111 (2d Cir. 1998)). See State Apr. 23 Mem. POINT II.

[3]     McMillan's complaint, filed on January 23, 2012 (Doc. # 1 in this Court's docket), is appended to State Apr. 23 Mem.

[4]     This Court's March 16, 2012 memorandum and order is also appended to State Apr. 23 Mem.

success on the merits, or a balance of hardships that tips decidedly in his favor." Id. at *2. Moreover, this Court continued, "[e]ven construing McMillan's *pro se* petition liberally and interpreting it to raise the strongest arguments that [it] suggest[s], I am unable to discern a legal claim underlying his petition that has *any potential merit* -- much less one on which he is clearly entitled to relief." Id. (citation and internal quotation marks omitted) (emphasis added).

As this Court held, first, "[t]o the extent McMillan intends to raise a claim under state election law, he is far too late." Id. Any such claim would had to have been brought in 2010. Id. See State Apr. 23 Mem. POINT III(A).

Second, as this Court stated, "McMillan's petition . . . atmospherically suggests a religious-discrimination basis for his claim, referring in his papers to the 'New York State Board of Elections Religious Officials,' and the Board officials' 'Religious beliefs.'" Id., referring to complaint ¶ 4, in which McMillan alleges that the State Board objected to the word "damn."

"However . . . there is no dispute that the word 'damn' *did* appear on the relevant ballot. McMillan acknowledges that his political affiliation on the 2010 gubernatorial ballot was designated as the 'Rent Is 2 Damn

High.'" Id. (emphasis original). See State Apr. 23 Mem.
POINT III(B).

Third, alleged "overvotes" -- which occur when a voter
votes for more candidates than are allowed for any one
office -- cannot support a claim, because, as this Court
explained, "overvoted ballots cannot be counted as a vote
for any candidate." Id. (emphasis added). See State Apr. 23
Mem. POINT III(C).

Finally, "[a]n onerous, expensive and seriously
belated recount of all 4.7 million paper ballots cast in
the 2010 election, without even an allegation that the
determination of the winner is at stake, cannot be
justified under the equitable considerations that inform
the exercise of the court's discretion to issue equitable
relief such as a mandatory injunction." Id. at 3. See State
Apr. 23 Mem. POINT III(D).

For all of these reasons, the complaint should
therefore be dismissed as barred by the Eleventh Amendment,
and for failure to state a cause of action.

McMillan's opposition reiterates his basic contention
- highly implausible and unsupportable - that the State
Board unlawfully has subjected him to "religious"
discrimination, again asserting as follows:

- 5

> I ask the Court to ORDER a recount
> because the Religious Leaders
> (Executives) of the New York State
> Board of Elections has tried in every
> way from (c. 2006 to 2010) (until
> ordered on by the Court in 2010) to
> keep the word "DAMN" off of the New
> York State Ballot to them the word
> "DAMN" was and is Offensive and is a
> Curse Word.

Pl. Mem. at 1 (*sic*).

As noted above, this Court held, in March 2012, that "there is no dispute that the word 'damn' *did* appear on the relevant ballot. McMillan acknowledges that his political affiliation on the 2010 gubernatorial ballot was designated as the 'Rent Is 2 Damn High'" party. McMillan, 2012 WL 909934, at *3 (emphasis original). See State Apr. 23 Mem. POINT III(B). Furthermore, as McMillan also failed to do in his 2010 lawsuit which this Court dismissed, he offers no support for his contention that the word "damn" purportedly violates the precepts or sensibilities of any religion, much less why the State Board purportedly objected to the name of his political organization.

Indeed, McMillan concedes - as he must, in Pl. Mem. at 2:

> Jimmy McMillan for Governor in the 2010
> for the "Rent Is 2 Damn High Party."
>
> *This is the way the name appeared on
> the Ballot.*

- 6 -

Emphasis added.

McMillan then focuses on a report he appears to have obtained from the U.S. Election Assistance Commission concerning certain optical ballot scanners. Pl. Mem. at 2, and Exs. A & B. McMillan appears to claim that the name of his party was incomplete on the ballot, describing the organization as "Rent Is 2 Damn" rather than "Rent Is 2 Damn High." Id.

There is no support, or factual basis, for McMillan's assertion. McMillan fails to furnish this Court with an example of a ballot used in the 2010 gubernatorial election describing his organization as "Rent Is 2 Damn," rather than "Rent Is 2 Damn High." An example of a ballot used in the 2010 gubernatorial election describing McMillan's organization as "Rent Is 2 Damn High," rather than as "Rent Is 2 Damn," is appended to this reply memorandum of law.

McMillan's mistake in making this argument probably stems from his failure to realize that the U.S. Election Assistance Commission report concerns a different optical ballot scanning system than any of those used in New York. The report, on its face, clearly refers to Election Systems and Software ("ES&S") Unity 3.2.0.0, used specifically in an entirely different state -- namely, Cuyahoga County, Ohio. See Pl. Mem. Ex. B.

- 7 -

ES&S 3.2.0.0 is not certified by the State Board for use in New York, and has not been used by New York local election administrators. The State Board certified a different ES&S system, called DS-200 v.2.1.0.0. The State Board's December 15, 2009 certification is set forth at http://www.elections.ny.gov/NYSBOE/hava/Voting_Machines/Testing/ESSScannerResolutionFinal12152009.pdf. McMillan has simply misunderstood that the ES&S system discussed in the U.S. Election Assistance Commission report is not the same ES&S system as the one certified by the State Board for use in New York.

McMillan further objects that the State Board's motion to dismiss and prior submissions in this action

> complained about what it would cost to do a Re-Count but had NO consideration of what it had already cost to the voters of there Constitutional Rights being disenfranchise under the Voting Rights Act of 1965 (42 U.S.C. § §1973-1973aa-6).

Pl. Mem. at 2 (*sic*).

McMillan's argument is unavailing because the complaint in this action makes no mention of the Voting Rights Act, see complaint, filed on January 23, 2012 (Doc. # 1 in this Court's docket). McMillan's opposition does not allege how any section of the Voting Rights Act might have been violated by the State Board, and he may not use his

- 8 -

opposition papers on this motion to purport to amend his
complaint in order to allege a previously-unmentioned, and
presently unspecified, Voting Rights Act claim. See
Fitzgerald v. Thompson, 2009 WL 29599, *4, fn. 3 (S.D.N.Y.
Jan. 5, 2009) (Jones, D.J.) ("A party may not use his or
her opposition to a dispositive motion as a means to amend
the complaint.") (citing Wright v. Ernst & Young LLP, 152
F.3d 169, 178 (2d Cir. 1998)), aff'd, 353 Fed.Appx. 532 (2d
Cir. 2009), cert. denied, 130 S.Ct. 3500 (2010).

Under all the circumstances, the complaint in this
action is without merit, and should be dismissed in its
entirety.

## Conclusion

THE STATE BOARD'S MOTION SHOULD BE
GRANTED IN ITS ENTIRETY, AND THE
COMPLAINT SHOULD BE DISMISSED.

Dated:      New York, New York
            May 25, 2012

                                    Respectfully submitted,

                                    ERIC T. SCHNEIDERMAN
                                    Attorney General of the
                                     State of New York
                                    **Attorney for Defendant New
                                     York State Board of Elections**
                                    By:

                                    _____
                                    JOEL GRABER
                                    Special Litigation Counsel
                                    Litigation Bureau
                                    120 Broadway – 24th Floor
                                    New York, NY 10271-0332
                                    (212) 416-8645
                                    FAX (212) 416-6009
                                    Joel.Graber@ag.ny.gov


LITIGATION BUREAU:

JOEL GRABER
Special Litigation Counsel
  of Counsel

- 10

SEE BACK SIDE OF THIS BALLOT FOR VOTING INSTRUCTIONS

OFFICAL BALLOT FOR THE GENERAL ELECTION  NOVEMBER 2, 2010
County of Albany Assembly District 104, Judicial District 3, Senatorial District 46, Congressional
District 21, Election District 001

**CERTIFICATE OF SERVICE**

JOEL GRABER, an attorney duly admitted to practice in the

State of New York and before this Court, certifies under penalty

of perjury that on May 25, 2012, he caused the within Reply

Memorandum of Law with Appendix to be served upon the following

plaintiff *pro se*:

James E. McMillan III
1996 Nostrand Ave.
Brooklyn, NY 11210-1547

*VIA FIRST CLASS MAIL*

-and-

*VIA E-MAIL:*

rentisto@aol.com

*VIA E-MAIL*

Dated:    New York, New York
          May 25, 2012

_____
JOEL GRABER
Special Litigation Counsel
State of New York